IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NEWREZ, LLC, *d/b/a* SHELLPOINT MORTGAGE SERVICING, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:25-CV-113-Z-BR |
| MARISSA STEWART *and* THE UNITED STATES OF AMERICA, | § § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff initiated this case by a Complaint filed May 27, 2025, alleging a breach of contract claim against Defendant Marissa Stewart in connection with a promissory note secured by real property. (*See* ECF 1 at 2). Plaintiff joined the United States of America, through the Secretary of Housing and Urban Development, as a Defendant with an allegedly inferior claim to the subject property. (*Id.* at 3). The case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C § 636(b) and a standing order of reference from United States District Judge Matthew J. Kacsmaryk. (ECF 7).

Plaintiff in its Complaint "predicates this Court's subject matter jurisdiction on the claims it makes herein against an agency and/or officer of the United States of America." (ECF 1 at 1). For the reasons stated below, the undersigned finds that there is neither federal question nor diversity jurisdiction in this action. Consequently, the Court lacks subject matter jurisdiction and must dismiss.

I. **Standard**

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See also Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) ("It is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court"); *Howery*, 243 F.3d 912 at 919 ("[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties" (citing *Kidd v. Sw. Airlines, Co.*, 891 F.2d 540, 546 (5th Cir.1990))).

The basic statutory grant of federal court subject matter jurisdiction is contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction; section 1332 allows for "[d]iversity of citizenship" jurisdiction. To properly invoke federal question jurisdiction, a plaintiff must plead a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 (1946). To properly invoke diversity jurisdiction, the matter in controversy must exceed $75,000 and there must be "complete diversity" between the parties to the action, meaning that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). "The burden of establishing complete diversity rests on the party invoking federal jurisdiction." *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023).

II. **Actions Regarding Property Subject to a Federal Lien**

Because of how frequently the issue is raised in other cases, the undersigned notes a statute that could be mistaken as establishing jurisdiction: 28 U.S.C. § 2410. However, "Section 2410 . . . does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Ins.*

*Co.*, 311 F.3d 623, 635 (5th Cir. 2002). Rather, "Section 2410(a) waives sovereign immunity of the federal government, enabling private parties to hale the government into court to determine the priority of outstanding liens on real or personal property. As a trade off for the waiver of sovereign immunity, [28 U.S.C. § 1444] permits the government to remove to federal district court any such case initiated in state court." *Id.* at 629 (internal citations omitted).

This right of removal does not create original subject matter jurisdiction for cases filed in federal district court. *See City of Miami Beach v. Smith*, 551 F.2d 1370, 1373 n.5 (5th Cir. 1977) ("[Section] 1444 confers a substantive right to remove, independent of any other jurisdictional limitations"); *Norman v. United States*, 962 F. Supp. 936, 938 (S.D. Miss 1996) ("[Section 2410] provides two avenues in which the would-be plaintiff may proceed—he may either bring his action in federal district court, <u>provided that an independent jurisdictional basis exists</u>, or he may sue in a state court having jurisdiction over the subject matter") (emphasis added).

Therefore, because Section 2410 does not create a basis for subject matter jurisdiction, the Court is not authorized to hear this suit without independent jurisdictional grounds. *See Tompkins v. U.S.*, 172 F. Supp. 204 (S.D. Tex. 1959) ("Section 2410 does not support an independent suit against the United States in Federal Court where no other grounds for federal jurisdiction exist"). As noted above, the two forms that independent jurisdictional grounds generally take are federal question jurisdiction and diversity jurisdiction.

### III.   Federal Question Jurisdiction

In its Complaint, Plaintiff states only one cause of action, for breach of contract, and makes an associated demand for attorneys' fees. (ECF 1 at 2–3). Breach of contract is a state law claim. *See Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022). A district court generally has jurisdiction under 28 U.S.C. § 1331 only if a "federal question appears on the face of the plaintiff's

well pleaded complaint." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). Because Plaintiff's complaint is based exclusively in state law, 28 U.S.C. § 1331 does not authorize the Court to adjudicate this dispute.

### IV.     Diversity Jurisdiction

The record in this case does not contain allegations necessary to determine the citizenship of each party.[1] Nevertheless, the Court is able to conclude from the record that it lacks diversity subject matter jurisdiction because one of the parties is the United States of America.

At issue is the "complete diversity" requirement. That the United States (through the Secretary of Housing and Urban Development) is not a citizen of Delaware, or of Texas, is insufficient. The United States is not a citizen of any state, and is therefore "not a state citizen for purposes of diversity." *Lummis v. White*, 629 F.2d 397 (5th Cir. 1980), *rev'd on other grounds, Cory v. White*, 457 U.S. 85 (1982); *see also Com. Union Ins. Co. v. U.S.*, 999 F.2d 581 (D.C. Cir. 1993) ("It is well established . . . that the United States is not a citizen for diversity purposes").

Because the United States is not a citizen for diversity purposes, "U.S. agencies cannot be sued in diversity." *Com. Union Ins. Co.*, 999 F. 2d at 584 (citation omitted); *accord Blackburn v. Lubbock FBI*, No. 5:23-CV-161-H-BQ, 2023 WL 6139457, *3 (N.D. Tex. Aug. 23, 2023) (stating that parties cannot rely on diversity jurisdiction if they intend to sue a federal agency); *Hotep v. U.S.*, No. 3:07-CV-065-K, 2007 WL 1321845 (N.D. Tex. May 7, 2007) ("Nor is an agency of the United States a citizen of any particular state for purposes of diversity jurisdiction"). Therefore, 28 U.S.C. § 1332 does not authorize the Court to adjudicate this dispute.

---

[1] Plaintiff's Certificate of Interested Persons/Disclosure Statement does indicate that Plaintiff is at least a citizen of Delaware, and potentially one other state. (ECF 2 at 1) (identifying Plaintiff's highest-level corporate parent as "New Residential Investment Corporation, a Delaware corporation").

## V. <u>Recommendations</u>

For the above reasons, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that this case be DISMISSED without prejudice for lack of subject matter jurisdiction. Further, the undersigned RECOMMENDS that the pending Motion for Entry of a Consent Order (ECF 15) be administratively terminated as mooted by lack of jurisdiction.

ENTERED October 23, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988).